# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN DORADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05 C 5627 |
| v. ) | |
| ) | Judge Kocoras |
| THE DIAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## THE DIAL CORPORATION'S MOTION FOR JUDGMENT OR ORDER TO ENFORCE AWARD OF ATTORNEYS' FEES AGAINST ATTORNEY JUAN THOMAS

Defendant, The Dial Corporation ('Dial'), by its attorneys and pursuant to Rule 58 and 69 of the Federal Rules of Civil Procedure, submits this Motion to Enter a Judgment Against Plaintiff's counsel, Juan Thomas. In support of this Motion, Dial states as follows:

1. On May 30, 2007, the Court entered an Order awarding Dial its attorneys' fees to be paid jointly between Plaintiff and his counsel, Attorney Juan Thomas. (Docket Entry 52.)

2. On July 11, 2007 Counsel for Dial conferred with Attorney Thomas and advised him that they intended to enforce the award against him. At that time, Attorney Thomas was unable to commit to when he would be able to fulfill his payment obligations to Dial.

3. On July 17, 2007, counsel for Dial suggested a payment plan to Attorney Thomas. (Exhibit A, July 17 letter.)

4. On July 27, Attorney Thomas requested additional time to work out a payment plan, to which Dial agreed.

5. On August 7, 2007, Attorney Thomas suggested a payment plan of $300 per month, to begin in September, 2007. (Exhibit B, Aug. 7, letter.)

6. On September 7, 2007, Attorney Thomas signed a promissory note setting forth the terms of that agreement and the payment of that award to Dial. (Exhibit C, signed promissory note and fax cover sheet.)

7. Contrary to representations made on September 10, 2007, Attorney Thomas did not make a payment to Dial the week of September 10.

8. On November 13, 2007, Attorney Thomas contacted counsel for Dial and advised her that he had made efforts to make "on-line" transfers to The Dial Corporation but was unsuccessful in doing so. (Exhibit D, 11/13/07 email from Thomas.) Arrangements were then made for Attorney Thomas to mail a physical check to the General Counsel for The Dial Corporation, Ms. Margaret Banas.

9. On December 27, 2007, Attorney Thomas faxed to counsel for Dial a copy of a check in the amount of $1,200 purportedly sent to The Dial Corporation on December 21, 2007. (Exhibit E, 12/27/07 fax from Thomas.)

10. On January 11, 2007, Counsel for Dial confirmed with Ms. Banas that Attorney Thomas' check had not been received by the Dial Corporation.

11. Also on January 11, 2007, Counsel for Dial wrote to Attorney Thomas and informed him that Dial had not received the December 21, 2007 check. Counsel for Dial asked Thomas to place a stop payment on that check and to deliver a check in the amount of $1,500 to the office of Seyfarth Shaw by the close of business, January 15, 2008. (Exhibit F, 1/11/08 letter.)

12. On January 14, 2008, Attorney Thomas sent an email stating that he would be unable to comply with counsel's request and that it was his understanding that the December 21, 2007 check had cleared his bank. (Exhibit G, 1/14/08 Thomas email.) As of the filing of this

motion, no verification of this assertion and no replacement check has been received by counsel for Dial.

14. 13. As of the filing of this Motion, Dial has not received the payments required under the promissory note and believes Attorney Thomas to be in violation of the Court's May 30, 2007, Order.

14. If Attorney Thomas can provide credible verification of the fact that the $1,200 payment has been processed by his bank and provide counsel for Dial with the next two installment payments (for January and February 2008), then The Dial Corporation will withdraw this Motion.

15. In the alternative, The Dial Corporation respectfully requests that the Court hold Attorney Thomas in violation of his promissory note, in contempt of the Court's Order and requests immediate payment o the damages owed to it pursuant to the Court's May 30, 2007 Order.

WHEREFORE, Dial asks the Court to enter a judgment against Attorney Thomas, to enforce the May 30, 2007 Order against Attorney Thomas as discussed above, and to award Dial any and all such relief as the Court deems necessary to enforce both its prior award and the requested judgment against Attorney Thomas.

DATED: January 17, 2008           Respectfully submitted,

THE DIAL CORPORATION

By:   /s/ Erin Dougherty Foley
       One of Its Attorneys

Erin Dougherty Foley
SEYFARTH SHAW LLP
131 S. Dearborn, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

CH1 11350213.2

# CERTIFICATE OF SERVICE

The undersigned certifies that she has caused a true and correct copy of the foregoing **DIAL CORPORATION'S MOTION FOR JUDGMENT OR ORDER TO ENFORCE AWARD OF ATTORNEYS' FEES AGAINST ATTORNEY JUAN THOMAS** to be served upon:

> Juan R. Thomas
> The Thomas Group
> 30 South Stolp, Suite 414
> Aurora, IL 60506

by electronic filing notification and United States mail this 17th day of January, 2008.

> Judge Charles P. Kocoras
> The Dirksen Federal Courthouse
> 219 S. Dearborn,
> Chambers #2560
> Chicago, Illinois 60603

by via hand delivery on this 17th day of January, 2008

/s/ Erin Dougherty Foley